# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAL MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0556-MJR |
| ) | |
| SOUTHERN ILLINOIS UNIVERSITY- ) | |
| CARBONDALE, acting by and through ) | |
| its board of trustees, and DR. JOHN ) | |
| KOROPCHAK, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On August 5, 2008, Plaintiff Cal Meyers commenced this action by filing a ten-count complaint against Defendants Southern Illinois University-Carbondale (hereinafter "SIUC") and Dr. John Koropchak, SIUC's Vice Chancellor of Research and Graduate Dean, in his individual capacity (Doc. 2). Meyers's complaint alleges violations of his constitutional right to due process, breach of contract, and various tort claims against both SIUC and Koropchak. The factual background, as provided by Meyers's complaint, is as follows.

On February 15, 2000, Meyers donated $2.5 million to SIUC for the purpose of establishing The Meyers Institute in Interdisciplinary Research in Organic and Medicinal Chemistry (hereinafter "the Institute"). In exchange, SIUC agreed by written contract that Meyers would serve as Director of the Institute until his retirement or death (Doc. 2, Exh. A). But on November 8, 2007, Meyers received written notice from Koropchak that a sexual harassment complaint had been filed

1

against Meyers (Doc. 2, Exh. B). On January 31, 2008, Meyers was informed by Dr. Fernando Trevino that additional complaints had been received, and that Meyers was barred from SIUC grounds until the investigation could conclude (Doc. 2, Exh. C). Yet another letter regarding the allegations was received on April 28, 2008 (Doc. 2, Exh. D). However, none of the memoranda identified Meyers's accusers or the particular dates of the alleged infractions. It further appears that no hearing was ever held.

Ultimately, Meyers filed the above-captioned against alleging that SIUC violated 42 U.S.C. § 1983 by depriving him of due process as required by the Fourteenth Amendment (Count I) and the Illinois Constitution (Count II). Meyers also seeks a declaratory judgment against SIUC (Count III), alleges that SIUC conspired to violate his due process rights under 42 U.S.C. § 1985 (Count IV), alleges that SIUC breached its contracts with him (Counts V & VI), and raises claims of unjust enrichment and promissory estoppel (Counts VIII & IX). Additionally, Meyers brings a § 1985 action against Koropchak in his individual capacity (Count IV), along with state law claims of defamation (Count VII) and intentional infliction of emotional distress (Count X). Meyers seeks declaratory and injunctive relief, amounting to reinstatement, for the alleged conduct in all counts and money damages for the breach of contract and tort claims (Counts V–X).

Meyers alleges that jurisdiction over Counts I and IV is proper in this federal district court under 28 U.S.C. § 1331, and that the Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Defendants challenge these jurisdictional allegations and, on September 25, 2008, filed a motion to dismiss Counts II and V–X pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**. Specifically, Defendants argue that the Illinois Court of Claims has exclusive jurisdiction over Meyers's claims (Doc. 8). This is a sovereign immunity defense, however, and while sovereign immunity may require dismissal of a plaintiff's claims, it

"does not diminish a court's subject matter jurisdiction."[1] ***Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008).** Accordingly, the Court construes the Defendants' filing as a **Rule 12(b)(6)** motion.

Having fully reviewed the parties' filings, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Defendants' motion to dismiss.

### B. Analysis

Dismissal is warranted under **Rule 12(b)(6)** if the complaint fails "to state a claim upon which relief can be granted." In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park* District, 875 F.2d 609, 611 (7th Cir. 1989).** Defendants' argument for dismissal of Counts II, V, VI, VII, VIII, IX, and X hinges on whether SIUC and Koropchak are entitled to sovereign immunity. If so, they cannot be sued in federal court with respect to the particular claims presented.

The Eleventh Amendment recognizes that each state is a sovereign entity, and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." ***Hans v. Louisiana*, 134 U.S. 1, 13 (1890).** By its express terms, the Eleventh Amendment bars federal courts from hearing suits against a state brought by citizens of any other state. **U.S. CONST. AMEND. XI.**[2] However, the United States Supreme Court has consistently held that unconsenting

---

[1] The Defendants' confusion on this point is not surprising, as courts often conflate the concepts of sovereign immunity with subject matter jurisdiction.

[2] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3

states are immune from suits brought in federal court by their own citizens, as well as those brought by citizens of other states. *See Ameritech Corp. v. McCann*, 297 F.3d 583, 585 (7th Cir. 2002) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

Nonetheless, there are narrow circumstances in which a suit can proceed against a state, its agencies, or officials. For instance, a state can waive the protections of the Eleventh Amendment and consent to be sued in federal court. *Ameritech Corp.*, 297 F.3d at 585. Additionally, Congress can use its enforcement powers under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity. *Id.* Furthermore, a suit for prospective injunctive relief (though not money damages) may proceed against state officials in limited circumstances, as outlined in *Ex Parte Young*, 209 U.S. 124 (1908). *See Ameritech*, 297 F.3d at 585. Finally, a suit for money damages may proceed against a state official sued in his individual capacity (as opposed to his official capacity) for wrongful conduct attributable to the official himself, "so long as the relief is sought, not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999).

The Court now proceeds by analyzing the sovereign immunity question with respect to Meyers's claims as to each individual defendant.

**1. Meyers's State Law Claims Against SIUC (Counts II, V, VI, VIII, & IX)**

First, the Court assesses whether Counts II, V, VI, VIII, and IX must be dismissed as to SIUC under the doctrine of sovereign immunity.[3] As an initial matter, it should be noted that

---

[3] It is not clear why SIUC does not contest the viability of Meyers's claims under § 1983 and § 1985 (Counts I & IV), as such claims can only be raised against "persons." Moreover, there is substantial caselaw indicating that these statutes do not operate as waivers of a State's sovereign immunity. *See Holton v. Ind. Horse Racing Comm'n*, 398 F.3d 928, 929 (7th Cir. 2005); *Konar v. Illinois*, 2009 WL 1344806, *1 (7th Cir. May 14, 2009). Nor is it clear why the sovereign immunity argument is not presented as to Count III, which is premised on SIUC's

Meyers never disputes that SIUC is an arm of the state. Indeed, the caselaw clearly establishes this fact. ***Cannon v. Univ. of Health Scis./The Chicago Med. Sch.*, 710 F.2d 351, 356-57 (7th Cir. 1983) (finding that Southern Illinois University is a state agency entitled to sovereign immunity);** *Peters v. Bd. of Trs. of So. Ill. Univ.***, 816 N.E.2d 1, 3 (Ill. App. Ct. 2004) (finding that the SIUC Board "is an arm of the State for purposes of sovereign immunity").** *See Kashani v. Purdue University*, **813 F.2d 843, 845 (7th Cir. 1987) ("The vast majority of cases considering the issue [of sovereign immunity as to state universities] have found state universities to be forfended by the Eleventh Amendment . . . . [I]t would be an unusual state university that would not receive immunity.").** As a result, SIUC is entitled to the protections of sovereign immunity unless an exception exists.

The Illinois Constitution abolished sovereign immunity "[e]xcept as the General Assembly may provide by law." **ILL. CONST. 1970, art. XIII § 4.** But the State Lawsuit Immunity Act provides:

> Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court.

**745 ILCS 5/1.** There is no indication that any of the Acts mentioned in this statute are relevant to the current action, other than the Court of Claims Act.[4]

---

and Koropchak's violations of the Federal and Illinois Constitutions. In any case, Defendants opted not to present any such argument, and thus, the Court does not reach these questions. Furthermore, the Court states no opinion as to whether the Defendants' failure to raise these arguments in the instant motion constitutes a waiver.

[4] Indeed, Meyers makes no allegation that any other Act includes a waiver of SIUC's sovereign immunity with respect to the claims involved in this action. To the extent that any other Illinois statute may be pertinent to the Court's analysis here, it should be noted that Meyers's failure to point to an explicit waiver of SIUC's sovereign immunity leaves him far

5

The Court of Claims Act provides that Illinois's Court of Claims "shall have exclusive jurisdiction to hear and determine the following matters: (a) All claims against the State founded upon any law of the State of Illinois, . . . [and] (b) All claims against the State founded upon any contract entered into with the State of Illinois." **705 ILCS 505/8.**

Obviously, Meyers's claims against SIUC in Counts II, V, VI, VIII, and IX fall under this rubric. Count II challenges SIUC's conduct under certain provisions of the Illinois Constitution, and Counts V, VI, VIII, and IX are all contract claims. As a result, the State of Illinois has waived its sovereign immunity with respect to such claims only to the extent that it consents to be sued in a particular forum: the Illinois Court of Claims. Consequently, this federal District Court is precluded from hearing Meyers's claims against SIUC in Counts II, V, VI, VIII, and IX.

Meyers's only argument against dismissal is that **28 U.S.C. § 1367** grants this Court supplemental jurisdiction over his state law claims because they share a common nucleus of operative fact with his federal claims. While that might be true in a case against a private party, Meyers's argument displays a misunderstanding of the effect that sovereign immunity has on this Court's jurisdiction, for the two are distinct concepts. The Supreme Court has explained that the Supplement Jurisdiction Act does not abrogate the sovereign immunity enjoyed by nonconsenting states. ***Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002).** The Eleventh Amendment removes this Court's authority to hear claims against a nonconsenting state, even though such claims would normally be within the court's jurisdiction.

Given the limited nature of Illinois's waiver of sovereign immunity, Counts II, V, VI, VIII, and IX may only be brought in the Illinois Court of Claims and must be entirely dismissed.

---

short of meeting his burden on the issue.

**2. Meyers's State Law Claims Against Koropchak (Counts VII & X)**

The Court now moves to the question of whether Koropchak, who has been sued in his individual capacity only, is entitled to the protections of sovereign immunity. The first question, then, is whether Meyers's claims against Koropchak are essentially against the State itself.

Determining whether an action against an individual is a suit against the State requires the Court to analyze the issues involved in the case and the requested relief, rather than the mere formal designation of the parties. *See Fritz v. Johnston*, **807 N.E.2d 461, 466 (Ill. 2004) ("An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability.")**. The Seventh Circuit has recently explained that "[w]here an alleged act of misconduct 'arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action' in any court other than the Illinois Court of Claims." *Turpin v. Koropchak*, **567 F.3d 880, 882 (7th Cir. 2009) (quoting *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) (emphasis in original))**.

In analyzing whether the claims involved are really attributable to the State rather than State employees in their individual capacities, the Seventh Circuit has considered whether the defendant "'acted beyond the scope of his authority through the wrongful acts,' and whether 'the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.'" *Id.* **(quoting *Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990)).**

Here, the tortious conduct alleged against Koropchak is that he defamed Meyers by stating that Meyers violated SIUC's sexual harassment policy, that Koropchak did so with malice, and that he intentionally inflicted emotional distress by doing so. Meyers also claims that

7

Koropchak tormented him insofar as he refused to provide specific information about the allegations, thereby causing emotional distress. The problem is that all of the information in the complaint, along with the various letters incorporated therein, indicate that these statements were made in Koropchak's capacity as Vice-Chancellor of Research and Graduate Dean. Obviously, Koropchak's duty to commence an investigation of any such complaint against a professor and then take action accordingly, including communicating the information to other school officials, stems solely from his employment. There is no indication that Koropchak's statements regarding the allegations against Meyers were communicated in any manner outside Koropchak's duties as a university administrator. Indeed, Koropchak only had the opportunity to assess the sexual harassment complaint because of his employment with the university.

As the Seventh Circuit has noted, "[t]he fact that we can find a broader parallel duty held be all citizens—to refrain from [tortious conduct]—doesn't change a thing. If courts were to ignore the specific duty in favor of its more general cousin, the Court of Claims would be a quiet place indeed." ***Turpin*, 567 F.3d at 883.** Thus, the fact that Koropchak has a general "duty not to defame" and a "duty not to inflict emotional distress," as Meyers argues, does not alter the analysis. The Court must look at the context and nature of his conduct, and when doing so, it is clear that the alleged conduct was undertaken in the scope of his employment. As a result, Meyers's claims against Koropchak are actually against the State.

Having determined that Koropchak is entitled to sovereign immunity with respect to the claims, the Court must determine whether an exception exists. Again, the Defendants point to the Court of Claims Act, which provides, in part, that Illinois's Court of Claims "shall have exclusive jurisdiction to hear and determine . . . all claims against the State for damages in cases surrounding in tort, if a like cause of action would lie against a private person or corporation in a

civil suit." **705 ILCS 505/8(d).** Obviously, this is the case here, and so Meyers's tort claims against Koropchak cannot proceed in this Court unless a separate exception applies.

In fact, the doctrine provided in *Ex parte Young*, **209 U.S. 123 (1908)**, does provide a narrow exception with respect to the injunctive relief that Meyers requests. As the Seventh Circuit noted in *Kashani*, "a suit for prospective injunctive relief is not deemed a suit against the State and thus is not barred by the Eleventh Amendment." **813 F.2d at 848.** The Court went on to explain that a request for reinstatement constitutes prospective injunctive relief under the progeny of *Ex parte Young*. *Id.* Accordingly, Meyers's defamation and intentional infliction of emotional distress claims can proceed against Koropchak, but only to the extent that Meyers seeks reinstatement as Director of the Institute.

The Court notes, however, that Meyers still must show that reinstatement is actually an available remedy as to these tort claims. It is not clear that the particular injunctive relief sought can be awarded if Meyers succeeds on his defamation and emotional distress claims. However, this question is not currently before the Court and must be left for another day.

As a result, the Court finds that Koropchak is entitled to sovereign immunity with respect to Meyers's tort claims for damages. Those claims may only be heard in the Illinois Court of Claims. The defamation and emotional distress claims may proceed in this District Court, but only to the extent that Meyers seeks prospective injunctive relief.

As a final matter, the Court notes that Meyers makes much of the policy underlying supplemental jurisdiction. Specifically, he argues that all of his claims should proceed in a single action to save the parties' expenses and to promote the efficient use of court resources. The Court agrees that these are important policy considerations. Unfortunately, they do not weigh in the analysis because the Eleventh Amendment prevents this District Court from proceeding on the

9

dismissed claims. Thus, if Meyers wishes to pursue his claims in a single action, it must be in the Court of Claims rather than this District Court.

### C. Conclusion

For all of the reasons explained above, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Defendants' motion to dismiss (Doc. 8). The motion is **GRANTED** to the extent that Counts II, V, VI, VIII, and IX are entirely **DISMISSED** and Counts VII and X are **DISMISSED** insofar as they seek damages against Koropchak. The motion is **DENIED** to the extent that Counts VII and X remain pending insofar as they seek prospective injunctive relief. Counts I, III, and IV remain pending and are not affected by the rulings in this Order.

Additionally, the Court **DIRECTS** Meyers to file a first amended complaint so as to remove the dismissed claims **no later than July 20, 2009.** When doing so, Meyers shall re-label all Counts with arabic numbers rather than roman numerals.

**IT IS SO ORDERED.**

**DATED this 10th day of July 2009.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **UNITED STATES DISTRICT JUDGE**