IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

**Cal Meyers,**

    **Plaintiff,**

v.

**Southern Illinois University at Carbondale et al.,**

    **Defendants.**

Case No. 08-CV-0556-MJR

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. The Pending Motions

Plaintiff Cal Meyers seeks to reopen his case (Doc. 37), taking issue with the Court's August 25, 2009 ruling dismissing his case without prejudice for failure to comply with two prior court orders requiring the filing of an amended complaint (Doc. 35). He also seeks to vacate the Clerk's entry of costs against him in the amount of $2143.50 (Docs. 39, 41). Defendants oppose both requests.

For the reasons below, both of plaintiff's motions are denied.

### B. Introduction and Background

On August 5, 2008, Plaintiff Meyers commenced this action by filing a ten-count complaint against Defendants Southern Illinois University at Carbondale (hereinafter "SIUC") and Dr. John Koropchak, SIUC's Vice Chancellor of Research and Graduate Dean, in his individual capacity (Doc. 2). Meyers' complaint alleges violations of his constitutional right to due process, breach of contract, and various tort claims against both SIUC and Koropchak. The

factual background, as provided by Meyers' complaint, is as follows.

On February 15, 2000, Meyers donated $2.5 million to SIUC for the purpose of establishing The Meyers Institute in Interdisciplinary Research in Organic and Medicinal Chemistry (hereinafter "the Institute"). In exchange, SIUC agreed by written contract that Meyers would serve as Director of the Institute until his retirement or death (Doc. 2, Exh. A). But on November 8, 2007, Meyers received written notice from Koropchak that a sexual harassment complaint had been filed against Meyers (Doc. 2, Exh. B). On January 31, 2008, Meyers was informed by Dr. Fernando Trevino that additional complaints had been received, and that Meyers was barred from SIUC grounds until the investigation could conclude (Doc. 2, Exh. C). Yet another letter regarding the allegations was received on April 28, 2008 (Doc. 2, Exh. D). However, none of the memoranda identified Meyers' accusers or the particular dates of the alleged infractions. It further appears that no hearing was ever held.

Ultimately, Meyers filed the above-captioned suit alleging that SIUC violated 42 U.S.C. § 1983 by depriving him of due process as required by the Fourteenth Amendment (Count I) and the Illinois Constitution (Count II). Meyers also sought a declaratory judgment against SIUC (Count III), alleging that SIUC conspired to violate his due process rights under 42 U.S.C. § 1985 (Count IV), alleged that SIUC breached its contracts with him (Counts V & VI), and raised claims of unjust enrichment and promissory estoppel (Counts VIII & IX). Additionally, Meyers brought a § 1985 action against Koropchak in his individual capacity (Count IV), along with state law claims of defamation (Count VII) and intentional infliction of emotional distress (Count X). Meyers sought declaratory and injunctive relief, amounting to reinstatement, for the alleged conduct in all counts and money damages for the breach of contract and tort claims (Counts V–X).

Meyers alleged that jurisdiction over Counts I and IV was proper in this federal district court under 28 U.S.C. § 1331, and that the Court had supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Defendants challenged these jurisdictional allegations and, on September 25, 2008, filed a motion to dismiss Counts II and V–X pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants argued that the Illinois Court of Claims has exclusive jurisdiction over Meyers' claims. (Doc. 8.) This is a sovereign immunity defense, however, and while sovereign immunity may require dismissal of a plaintiff's claims, it "does not diminish a court's subject matter jurisdiction." ***Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008).** Accordingly, the Court construed the Defendants' filing as a Rule 12(b)(6) motion.

In a detailed order dated July 10, 2009 (Doc. 22), the Court granted in part and denied in part the Defendants' motion to dismiss (Doc. 8). The motion was granted to the extent that Counts II, V, VI, VIII, and IX were entirely dismissed and Counts VII and X were dismissed insofar as they sought damages against Koropchak. The motion was denied to the extent that Counts VII and X remained pending insofar as they sought prospective injunctive relief. Counts I, III, and IV remained pending and were not affected by the rulings in the Order. The Court also ordered Meyers to do the following:

> Additionally, the Court **DIRECTS** Meyers to file a first amended complaint so as to remove the dismissed claims **no later than July 20, 2009.** When doing so, Meyers shall re-label all Counts with Arabic numbers rather than roman numerals.

July 20, 2009 passed without the required filing so the Court, on August 14 again ordered Meyers to file an amended complaint by the 21st of August or face dismissal of the case without prejudice. (Doc. 34.) The following is the full text of that order:

3

> On July 10, 2009, this Court entered its Order granting in part and denying in part the defendant's motion to dismiss (Doc. 22). Therein, the Court DIRECTED Plaintiff to file a first amended complaint removing all of the dismissed claims no later than July 20, 2009. The Court also directed Meyers to re-label all counts with Arabic numbers rather than roman numerals. The July 20, 2009 deadline has long since passed and no amended complaint is on file. Thus, the Court DIRECTS Meyers to file his amended complaint no later than August 21, 2009. Failure to do so will result in DISMISSAL of this action without prejudice. The Court will construe the pending summary judgment motion as referring to the amended complaint.

As with the previous order, the August 21 deadline passed without the required filing so the Court, on August 27, 2009 dismissed the case sua sponte. (Doc. 35.) Plaintiff filed a Motion to Reopen the case on September 2, 2009. (Doc. 37.)

On August 27, 2009 defendant filed its Bill of Costs (Doc. 36), seeking $2143.50 which the Clerk taxed on September 22, 2009 (Doc. 39). Plaintiff filed a Motion to Vacate Clerk's entry of Award of Costs on September 28, 2009. (Doc. 41.)

### C. Analysis

#### 1. The Court's Sua Sponte Dismissal Without Prejudice

Plaintiff cites Rules 59 and 60 of the Federal Rules of Civil Procedure as support for reinstatement of his case. (Doc. 37.) His counsel avers she engaged the services of an unnamed lawyer (not of record in this case) to assist her in complying with the Court's orders requiring amendment and that lawyer dropped the ball despite counsel of record contacting the lawyer after the first deadline passed. Health issues involving the 92-year-old mother of counsel of record are cited as her reasons for associating with other counsel, and she alleges her conduct in not filing as ordered was neither disrespectful nor contumacious. Her time was devoted more

4

to care taking than the practice of law and she relied upon associated counsel, obviously to the detriment of plaintiff.

Defendants object and point out that plaintiff's counsel found time to file a 24 page Motion For Sanctions (Doc. 25) during the relevant time frame and also claim that plaintiff has been dilatory in discovery and that his case, in the end, is non-meritorious.

The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." Rule 59(e) permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment." Rule 60(b) authorizes motions for relief from final judgments or orders.

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether Rule 59(e) or Rule 60(b) governed motions to reconsider. If the motion was filed *within* ten days of the date the challenged judgment or order was entered, Rule 59(e) applied. If the motion to reconsider was filed *more* than ten days after the judgment or order was entered, then Rule 60(b) applied, no matter how the motion was labeled. ***See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001); *Britton v. Swift Transp. Co.,* 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986) ("[A]ll substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59.").**

In 2008, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> [W]hether a motion filed within 10 days of the entry of
> judgment should be analyzed under Rule 59(e) or Rule

5

> 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach—that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions—no longer applies. In short, motions are to be analyzed according to their terms. . . . Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant), is dispositive with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.) (citing *Borrero v. City of Chi.*, 456 F.3d 698, 701–02 (7th Cir. 2006)), *cert. denied*, 129 S. Ct. 417 (2008).**

In the instant case plaintiff took issue with Court's order of dismissal within 10 days. Plaintiff's counsel relies upon Rule 59 *and* 60, so the Court will address each.

Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice. *See* **Steven Baicker-McKee, William M. Janssen & John B. Corr*, Federal Civil Rules Handbook 2009*, at 1149–50 (2008);** *see also* ***Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to re-litigate issues or present arguments which could have been previously addressed. ***Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (stating that motion to reconsider is not appropriate vehicle to introduce new legal theories); *Publishers Resource*, 762 F.2d at 561 (stating that**

6

**motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

Of the available grounds for relief cited above under Rule 59 only a "clear legal error" and the prevention of "manifest injustice" could possibly apply to the instant case.

It is not "clear legal error" for the Court to enforce reasonable deadlines. Plaintiff was given not one, but two deadlines within which to file his amended complaint.[1] He missed both of them despite being warned after the first transgression that the case would be dismissed without prejudice if he failed to comport. The Court's initial decision whether to dismiss for failure to prosecute balanced and took into account the frequency and magnitude of plaintiff's failure to comply with deadlines for prosecution; the fact that fault probably lay with counsel rather than plaintiff and the appropriateness of sanctioning counsel rather than plaintiff; the prejudice to defendant from dilatory conduct; probable merits of suit; the public interest in the expeditious resolution of litigation; preference for decisions on the merits and consequences of dismissal. *See* **Fed. R. Civ. Proc. 41(b);** *Ball v. City of Chi.***, 2 F.3d 752 (7th Cir. 1993).**

Nor does the Court's ruling result in manifest injustice. The result is the expected occurrence the Court warned would happen for non-compliance. Injustice does not occur when a Court extends a deadline, *on its own*, then extends the second deadline, *again on its own*, forewarns that the case will be dismissed and then follows through with its promise to dismiss in the event of non-compliance. The order alerting plaintiff that his failure to file an amended complaint by the second imposed deadline was clear, unequivocal, case specific and sent to and received by counsel in the case: "Failure to do so *will* result in DISMISSAL of this action without prejudice." (Doc. 34 (emphasis added).)

---

1  The Court notes defendant gave plaintiff another reminder of the amended complaint requirement at paragraph 6 of Doc. 28 filed on July 30, 2009.

The Court now turns to Rule 60(b), which allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud and "any other reason that justifies relief."

A Rule 60(b) motion *cannot* be used to correct legal errors, mistakes or blunders. ***Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (noting that movant's legal arguments "cannot be shoe-horned into grounds for Rule 60(b) relief").** Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash*, 209 F.3d at 698.**

The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. ***Romo*, 250 F.3d at 1121 n.3.** Clearly, a Rule 60(b) motion may not be used as a substitute for an appeal or to rehash the merits of arguments previously raised by the parties and rejected by the Court. *See **Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 479–80 (7th Cir. 2008) (noting that a Rule 60(b) motion could not be used as substitute for an appeal); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").**

In the case at bar the only Rule 60 grounds upon which plaintiff could hang his hat are "inadvertence," "excusable neglect," or "any other reason that justifies relief."

A persuasive argument cannot be made under any of these grounds. There was no inadvertence where plaintiff's counsel entrusted the task of filing the amended complaint to an unnamed colleague who simply dropped the ball. Nor is there excusable neglect where as

outlined above, plaintiff was forewarned of the consequences of not following through with the second deadline: dismissal without prejudice. And plaintiff's counsel has not proffered, nor can the Court conjure up "any other reason that justifies relief."

The Court could have dismissed the case by invoking sanctions under Rule 11 or could have made the dismissal with prejudice. The chosen path—dismissal without prejudice for failure to prosecute—seemed less onerous and more appropriate given the fact that little was left of the case after the Court's rulings on defendant's motion to dismiss and their pending motion for summary judgment on the remaining claims (Counts I, III, IV, VII, X).

The Court is not unmindful that plaintiff's counsel was obviously heavily burdened with the day-to-day requirements of a law practice coupled with the heavy obligation of caring for an elderly parent, but if she could file a detailed motion for sanctions under these circumstances, why not a one line motion asking for an extension of time? The Court has accepted letters, faxes, e-mails and phone calls alerting it to deadline problems and emergencies, but silence and inactivity, effectively ignoring the Court's orders, cannot be countenanced.

### 2. The Appropriateness of Taxing Costs Against Plaintiff

Plaintiff also contends an award of costs is inappropriate since the case was dismissed under Federal Rule of Civil Procedure 41. (Doc. 41.) Defendants counter by saying plaintiff missed the 10 day deadline of local Rule 54 (2)(b)(4) within which to object. Both are incorrect.

In pertinent part, Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and

> (2) may stay the proceedings until the plaintiff has complied.

The section of the statute upon which plaintiff relies is inapplicable here since the instant case is not one in which there is a "previously dismissed action." Instead, the case at bar is one in which the plaintiff's action was involuntarily dismissed. The rationale behind the statute—requiring payment of costs on re-filing in a case voluntarily dismissed by plaintiff—has no application here. That rationale gives plaintiff an almost unbridled right to dismiss (absent certain conditions) but tempers it with the requirement that the re-filing be associated with payment of costs in the previous action. In the instant case the defendants are prevailing parties, as will be discussed below and the plaintiff's case was involuntarily dismissed. Rule 41, insofar as costs are concerned, is inapplicable.

As for the timeliness of plaintiffs objection, the Court notes the Local Rule cited by defendant—Rule 54 (2)(b)(4)—is no longer in effect. The applicable Local Rule is 54.2, effective July 1, 2003, which provides that "Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920." Federal Rule of Civil Procedure 54(d)(1)[2] in turn provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

Compounding the analysis is the undersigned judge's website language regarding costs:

> Federal Rule of Civil Procedure 54(d)(1) provides that costs (other than attorneys' fees) shall be allowed "as of course" to the prevailing party, unless the District Court

---

2  This text changes effective December 1, 2009.

10

>otherwise directs. Rule 54(d)(1) further provides that such costs may be taxed by the Clerk of Court "on one day's notice." In Judge Reagan's cases, opposing counsel generally will be allowed ten days (from the date the Bill of Costs is filed in this Court) in which to file any objections thereto. If no objections are filed within the ten-day period, the Clerk of Court will tax the appropriate costs. If objections are timely filed, the matter will be reviewed and resolved by Judge Reagan.

The docket reveals that the same day the Court entered its order dismissing the case, August 27, 2009, defendants filed their Bill of Costs (Doc. 36). The Clerk taxed costs on September 22, 2009 (Doc 39) and plaintiff objected by filing a motion to vacate the taxation on September 28, 2009 (Doc. 41). Consequently, under statutory Rule 54(d)(1) plaintiff should have filed his objections to the Bill of Costs by September 4, 2009 (with the defendants filing as day #1 adding 1 days notice and 5 days per the statute, but disregarding weekends). Under the more liberal Bill of Costs language in the undersigned's website plaintiff should have filed his objections to the Bill of Costs by September 10, 2009 (10 days from the date the Bill of Costs was filed). So under either time calculation plaintiff's motion attacking the Bill of Costs is untimely.

Despite this conclusion, the Court has reviewed the Bill of Costs and finds it is in proper form and the monies requested are reasonable and collectable as appropriate costs under prevailing case law and 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(d) authorizes federal district courts to award costs (as well as attorneys' fees) to prevailing parties in lawsuits. In fact, the Seventh Circuit has noted that Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees. *See, e.g.*, *Perlman v. Zell*, **185 F.3d 850, 858 (7th Cir. 1999);** *Luckey v. Baxter Healthcare Corp.***, 183 F.3d 730 (7th Cir. 1999).** A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane*

11

*v. Mariah Boats, Inc.*, **164 F.3d 1065, 1068 (7th Cir. 1999);** *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985).** Defendants prevail by defeating a claim against them. *See Perlman*, **185 F.3d at 858-59.** Here, defendants won several battles by prevailing on their earlier motions to dismiss which led to the Court requiring amendment to the complaint.

Costs do not include *all* litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445 (1987);** *Hairline Creations, Inc. v. Kefalas*, **664 F.2d 652, 655 (7th Cir. 1981).**

28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

> (1) Fees of the Clerk and Marshal;
>
> (2) Fees of the court reporter for;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under Section 1923 of this Title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

28 U.S.C. § 1821 spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. *Collins v. Gorman*, **96 F.3d 1057, 1058**

**(7th Cir. 1998).**[3] As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably necessary' at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, **135 F.3d 445, 454 (7th Cir. 1998).** Similarly, as to witness fees, actual testimony at trial is not necessary for fees to be recovered. Witness fees compensate witnesses for their *availability* to testify, not their physical presence or actual testimony at trial. *See Spanish Action Comm. of Chi. v. City of Chi.*, **811 F.2d 1129, 1138 (7th Cir. 1987) (finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs);** *see also Hurtado v. United States*, **410 U.S. 578, 584–85 (1973) (noting that 28 U.S.C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not needed);** *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, **38 F.3d 1429, 1442 (7th Cir. 1994) (costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).** Rule 54(d) provides, in relevant part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Weeks v. Samsung Heavy Indus. Co.*, **126 F.3d 926, 944 (7th Cir. 1997) (quoting Fed. R. Civ. P. 54(d)).** This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Id.* **at 945.** "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined—the court must award costs unless it states good reasons for denying them." *Id.* **(citing *Congregation of the Passion, Holly Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).** "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify

---

3  Another statute requires that the party filing a bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case. **28 U.S.C. § 1924 (2006).** That was done in this case.

13

denying costs." ***Id.*** **(citing *Congregation of the Passion*, 854 F.2d at 222).** The district court may exercise its discretion to deny costs, although it should state its reason for disallowing. ***Cengr*, 135 F.3d at 453; *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982).**

The Bill of Costs is on a form approved by the Administrative Office of the United States Courts (AO Form 133) and is supported by itemized invoices. Defense counsel avers the costs, which are solely attributable to court reporter charges for depositions in the case, were reasonably necessary to defend the case.[4] (Doc. 36-2.) That statement is not controverted and the Court believes the charges incurred were reasonable, customary, necessary and associated with a competent defense of the case.

### D. Conclusion

Plaintiff's Motion to Reopen the case (Doc. 37) is DENIED. Plaintiff's Motion to Vacate the Clerks Entry of an Award of Costs (Doc. 39) is DENIED.

**IT IS SO ORDERED.**

**DATED  November 5,  2009.**

 s/Michael J. Reagan
**MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE**

---

4   The categories of expenses which properly may be taxed include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." **28 U.S.C. § 1920(2).**

14